UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN J. GOINS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:12CV1385HEA |
| TERRY RUSSELL, | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Missouri State prisoner Sean J. Goins for a writ of habeas corpus pursuant to 28 U. S. C. §2254. Respondent has filed his Response to the Order to Show Cause. Petitioner has filed his Traverse Response to Respondent's Response to Show Cause. For the reasons set forth herein, the petition for habeas corpus will be denied.

### **Facts and Procedural Background**

On March 25, 2009 an indictment was filed in the Circuit Court of the City of St. Louis charging the Petitioner in Count I with Robbery first Degree and in Count II with Armed Criminal Action. Thereafter, Petitioner acquired counsel.

The matter was set for trial, however Petitioner entered a plea of guilty to both charges on September 16, 2009 before the Honorable Michael F. Stelzer.

Counsel for defendant requested a Sentencing Assessment Report[1] which was ordered by the court.

On November 19, 2009 Petitioner appeared with counsel and pursuant to his plea of guilty, and upon the arguments of his counsel and Assistant Circuit Attorney Sean O'Hagen on behalf of the state of Missouri, the Defendant was sentenced to 18 years as to Count I and 3 years as to Count II to be served concurrently for a total of 18 years.

Petitioner timely filed, on January 4, 2010, a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Counsel was appointed to represent Petitioner on February 2, 2010. Counsel filed an amended motion on July 29, 2010. In these motions, Petitioner requested a hearing on his Rule 24.035 claims.

In an order dated June 27, 2011, the motion court denied the requests for hearing and denied the relief sought by Goins. On August 8, 2011, timely notice of appeal to the Missouri Court of Appeals, Eastern District was taken by Goins.

The Missouri Court of Appeals entered its Per Curiam order affirming the trial court ruling on May 22, 2012. (resp. Ex. D).

---

[1] Under Missouri law, pursuant to the Missouri Sentencing Advisory Commission's Recommended Sentencing User Guider, a presentence information report may be ordered to assist the judge in crafting an appropriate sentence for a defendant who has been found guilty of a felony offense. The report is created by the Missouri Department of Corrections' Board of Probation and Parole. See also, 557.026.1 RSMo (2006).

Respondent asserts that all of Petitioner's grounds for federal habeas relief lack merit.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court

> decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409.

A state court's factual findings on a habeas petitioner's federal grounds are presumed to be correct. 28 U. S. C. § 2254 (e) (1); *Wood v. Allen*, 130 S. Ct. 841, 845 (2010). Review under §2254 (d) (1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that the state court factual findings lack evidentiary support is required to grant habeas relief. 28 U. S. C. § 2254 (e) (1); *Wood*, 130 S. Ct. at 845.

**Petitioner's grounds for Habeas Corpus Relief**

In his pleadings Petitioner sets out two grounds as his entitlement to relief. In his first ground for relief he contends that his guilty plea was unknowing and involuntary because there was a not a sufficient factual basis established for the offense. He claims the facts were insufficient to establishment his participation and the use of his statements to the police were not facts to constitute his participation

in the offenses charged. For his second ground for relief he asserts that he received ineffective assistance of post-plea counsel because after the guilty plea, counsel did not inform petitioner of the possibility of withdrawing his guilty plea. Petitioner notes here that he inquired of his attorney after he pleaded guilty whether he could withdraw his plea and his attorney post-plea did not inform him that he could do so.

## Discussion

**The guilty plea was unknowing and involuntary because there was a not a sufficient factual basis established for the offense**

Here the Petitioner alleges that the entry of his plea was based upon statements that were not tantamount to facts relating to his complicity. He insists that when the prosecutor introduced his statements made to the police this created confusion and ambiguity as to the facts establishing a basis for the plea of guilty to the robbery first degree and armed criminal action offenses. He further states that the state court in this regard erred in violation of his Constitutional rights as established through the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

On review of the adverse ruling the Missouri appellate court observed the basis upon a plea of guilty is factually sufficient. The Missouri Court noted from the record below that the State recited certain facts in support of the charges and from that statement of facts concluded:

> …the prosecutor recited the factual basis for the charges, stating that Movant "forcibly stole U. S. currency, a cellular telephone and clothing items owned by Terrance Cole, and in the course thereof…used a dangerous instrument." Further, the prosecutor stated that Movant "acting with others, committed the foregoing felony by, with, or through the use, assistance or aid of a dangerous instrument." Movant admitted to the facts as recited by the State and confirmed his plea was voluntary….[T]he record contains allegations of Movant's direct participation in the crime, which Movant admitted to under oath.

*Goins v. State of Missouri*, 367 S.W.3d 161 (Mo.App. E.D.2012).

The appellate court held that the court had numerous facts before it that would support a factual basis for the guilty plea. The court explained the nature of the charges and confirmed that Petitioner understood that by pleading guilty, he was admitting the essential elements of the charges against him.

The Court is required to review the record *de novo*, but the review is limited in scope. This Court is not at liberty to substitute its rulings for those of the state court. The role and function of this court is narrowly limited. The standard by which the Court reviews the record on a habeas petition, as set forth above, is that relief may only be granted if the decision by the state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In reviewing whether the State Court's decision involved an unreasonable application of clearly established federal law, the Court examines the ultimate legal conclusion reached by the Court, *id.* at 784, not simply the statement of reasons explaining the State Court's decision. *See Gill v. Mecusker*, 633 F.3d 1272, 1291–92 (11th Cir.2011) *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1255 (11th Cir.2002); *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir.2001); *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir.1997).

Here, Petitioner has failed to present the Court with any misstated law and/or facts and fails to establish how the state court's ruling is contrary to the applicable standards in habeas matters. The record, including the transcript of the guilty plea and sentencing, the ruling on the Rule 24.035 motion, and the opinion of the Missouri Court of Appeals clearly demonstrates the failure of Petitioner to substantiate his claim under 28 U. S. C. § 2254. The facts, as stated on the record as a whole, clearly establish a basis for each offense. The Petitioner admitted the facts as stated and he even apologized to the victims which itself is an admission of the facts. The point is denied.

**Ineffective assistance of post-plea counsel because counsel did not inform petitioner of the possibility of withdrawing his guilty plea**

Petitioner argues that because his attorney did not inform him after he had entered his plea of guilty that he could withdraw his plea of guilty and therefore his Sixth amendment right to counsel has been denied. *Strickland v. Washington*, 466

U.S.668 (1984). Notably, Petitioner does not allege how this might have prejudiced his rights or how he might have been entitled to withdraw his plea of guilty. Respondent argues in opposition to the claim that the failure to plead sufficiently constitutes a default that precludes federal court review of the claim. *Smith v. Groose*, 9 98 F. 3d1439 (8th Cir. 1993). Respondent further argues that Petitioner has failed to demonstrate good cause and actual prejudice. *Murray v. Carrier,* 477 U. S. 478 (1986).

Nowhere in the pleadings or otherwise in the record does Petitioner set forth any circumstances that would establish a basis for a withdrawal of his plea of guilty or establish ineffectiveness of counsel in a *Strickland* sense. Indeed, as noted in the appellate court opinion "[w]hether to allow a defendant to withdraw a guilty plea is at the discretion of the trial court, and such relief is reserved for such limited circumstances as a showing of fraud, mistake, fear, persuasion, or the holding out of false hopes." (Ex. D, p.7). A criminal defendant is not entitled as a matter of right to withdraw his plea of guilty. Petitioner cannot satisfy the *Strickland* two pronged standard of counsel's representation falling below an objective standard of reasonableness and prejudice.

Likewise, in this Court whether to allow a defendant to withdraw his guilty plea is within the Court's discretion.

> We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Cruz,* 643 F.3d 639, 641 (8th

Cir.2011). A defendant may withdraw a guilty plea that has been accepted by the court if he demonstrates "a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). The defendant bears the burden of showing such a reason. *Cruz,* 643 F.3d at 642. Moreover,

> [e]ven if such a fair and just reason exists, before granting the motion a court must consider "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion."
>
> *United States v. Ramirez–Hernandez,* 449 F.3d 824, 826 (8th Cir.2006) (quoting *United States v. Nichols,* 986 F.2d 1199, 1201 (8th Cir.1993)). If the defendant does not demonstrate fair and just grounds, the court need not consider these additional factors. *United States v. Wicker,* 80 F.3d 263, 266 (8th Cir.1996) (quotation and citation omitted).

*United States v. Norvell*, 729 F.3d 788, 792-93 (8th Cir. 2013). Petitioner failed to establish any basis for withdrawing his guilty plea, thus, there was no fair and just reason for allowing a withdrawal. The State Court's refusal to afford Petitioner relief was not contrary to nor is an unreasonable application of federal law, and accordingly, Petitioner is not entitled to relief.

The decision of the state court was reasonable as to each ground submitted by the Petitioner and this court will provide it with the deference that is required under these circumstances.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a]

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Sean J. Goins for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is **denied**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 5th day of March, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE